DISTRICT COURT
ERN DISTRICT OF LOUISIANA
RECEIVED

JAN - 5 2016

TONY R. MOORE, CLERK
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

b

| | |
|---|---|
| ROBERT KEVIN MCCARTNEY,<br>Petitioner<br><br>VERSUS<br><br>WARDEN, LOUISIANA STATE<br>PENITENTIARY,<br>Respondent | CIVIL ACTION<br>SECTION "P"<br>NO. 1:00-CV-02447<br><br><br>JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JOSEPH H.L. PEREZ-<br>MONTES |

## MEMORANDUM ORDER

McCartney filed a motion "to alter or amend judgment" pursuant to Fed.R.Civ.P. rule 59(e) (Doc. 58), asking the Court to vacate the Magistrate Judge's December 14, 2015 order which struck McCartney's November 2015 Rule 60(b) motion (Doc. 55).

McCartney filed a habeas petition pursuant to 28 U.S.C. § 2254 on October 30, 2000, contesting his 1995 conviction for second degree murder (Doc. 1). McCartney's habeas petition was dismissed as time-barred (Doc. 32) and his appeal was dismissed for lack of prosecution (Doc. 36). Thereafter, McCartney's 2002 motion for reconsideration and reinstatement of the case pursuant to Rule 60(b) (Doc. 38) was denied (Doc. 42); his 2003 Rule 60(b) motion (Doc. 43) was denied (Doc. 46); his August 2015 Rule 60(b) motion (Doc. 52) was stricken (Doc. 54); and his November 2015 Rule 60(b) motion was also stricken (Doc. 56).

McCartney has now filed a motion "to alter or amend judgment" pursuant to Fed.R.Civ.P. rule 59(e) (Doc. 58), asking that the

order striking his November 2015 Rule 60(b) motion be vacated, and that the Court consider his new evidence. McCartney contends he discovered evidence of discrimination in the selection of his grand jury foreperson in 1998, and that the limitation period since 1998 should be equitably tolled pursuant to the "newly discovered evidence" exception.

First, a claim of newly discovered evidence should be raised in a petition for habeas relief pursuant to 28 U.S.C. § 2254. Fed.R.Civ.P. rule 60 ("Relief from a Judgment or Order") is not the correct vehicle for raising a claim of newly discovered in a habeas case.

Moreover, McCartney's time limit has not been equitably tolled since 1998 by the alleged discovery, in 1998, of discrimination in the selection of his grand jury foreperson. There is a one year period of limitation for filing applications for habeas relief, as set forth in 28 U.S.C. § 2244(d)(1). Section 2244(d)(1)(D) creates what McCartney refers to as the "newly discovered evidence exception":

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of-
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
> (D) *the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*
> [Emphasis added.]

McCartney argues that the court previously miscalculated his one-year limitation period for filing a habeas petition because it did not equitably toll his one year limitation period since 1998, when he allegedly discovered evidence of discrimination in the selection of his grand jury foreperson. However, Section 2244(d)(1)(D) creates a one year limitation period in which to file a habeas claim, which runs from the date of the discovery of new evidence, or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The limitation period is not tolled. Since McCartney's one-year time limit for filing a claim based on his 1998 evidence is long-expired, McCartney's claim of racial discrimination in the selection of his grand jury foreperson is time-barred.

McCartney also argues he has new evidence in the form of a September 11, 2015 letter from the Department of Justice, which states that lab reports and testimony by FBI Laboratory examiners in cases involving microscopic hair comparison analysis prior to 1999 may be erroneous, and remedial action may need to be taken in

some cases (Doc. 55, pp. 2-5/91). However, no FBI hair analysis results were used in evidence against McCartney, and he does not argue otherwise. See Doc. 55, Ex. pp. 12-14/91, 32-52/91; see also, State v. McCartney, 96-58 (La. App. 3d Cir. 10/9/96), 684 So.2d 416, writ den., 97-K-0508 (La. 9/5/97), 700 So.2d 503, cert. den., 522 U.S. 1002, 118 S.Ct. 573 (1997). Instead, McCartney challenges the FBI's microscopic fiber analysis results, contending the FBI lab results and testimony for microscopic fiber analysis were also erroneous. However, the letter from the Justice Department refers only to microscopic hair analysis and does not include fiber analysis. Therefore, the September 11, 2015 letter from the Justice Department cannot afford McCartney habeas relief.

McCartney further contends the periods during which his previous federal habeas petitions were pending should be tolled.[1] However, the one year time limit for filing a habeas petition is not tolled by the pendency of another federal habeas petition. See Duncan v. Walker, 533 U.S. 167, 172-173, 121 S.Ct. 2120, 2124-2125 (2001). This argument is meritless.

McCartney contends a hearing was ordered in 1999 on one of his state court applications for post-conviction relief, but the hearing was never held (Doc. 58, p. 5). McCartney argues that he is entitled to tolling under Section 2244(d)(1)(B) because the

---

[1] McCartney filed two federal habeas petitions in 1995, one of which was dismissed for lack of exhaustion in 1995 and one of which was eventually deemed abandoned.

4

hearing was not held, but the state court's purported failure to hold a post-conviction relief hearing is not a state-created impediment that *actually prevented* McCartney from timely filing his habeas petition. See <u>Wickware v. Thaler</u>, 404 Fed.Appx. 856, 862 (5th Cir. 2010). This argument is also meritless.

McCartney further argues that, since the counsel appointed to represent him on direct appeal was "not qualified," he is still waiting for a "properly filed appeal" and the entire time period should be tolled. McCartney's conviction was reviewed on direct appeal, at <u>State v. McCartney</u>, 684 So.2d 416. Therefore, the appeal was properly filed.

Finally, McCartney raises claims as to the sufficiency of the evidence in his criminal case. Those claims are plainly time-barred and may not be considered herein.

Accordingly, McCartney's Rule 59(e) motion is DENIED.

THUS DONE AND SIGNED in Alexandria, Louisiana on this _____ day of January 2016.

                HON. JOSEPH H. L. PEREZ-MONTES
                UNITED STATES MAGISTRATE JUDGE